IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-CR-188 |
| ) | |
| GEORGE ADDAE ) | |

## MEMORANDUM OPINION

At issue in this prosecution for conspiracy to distribute one kilogram or more of heroin and distribution of heroin is whether Defendant George Addae should be permitted to withdraw his guilty plea. On August 9, 2019, defendant pled guilty to a two-count criminal information charging him with: (i) conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1); and (ii) distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Defendant argues that his guilty pleas were not knowing and voluntary and that he is legally innocent of conspiracy to distribute heroin. The government opposes defendant's motion.

An evidentiary hearing was held on November 22, 2019 to allow defendant to present the factual basis for his motion. At the hearing, the Court heard testimony from defendant and Todd Richman, defendant's former attorney from the Office of the Federal Public Defender. In sum, defendant testified that he was not truthful in the testimony he gave during the August 9, 2019 Rule 11 plea Colloquy (the "Colloquy"), regarding whether he entered his guilty pleas freely, willingly, and voluntarily and because he was in fact guilty. Defendant also testified at the November 22, 2019 hearing that he only entered his guilty pleas at the urging of his lawyers. Mr. Richman contradicted this testimony and stated that he painstakingly went through the plea documents with defendant and that he certainly did not pressure defendant to plead guilty.

Following this testimony and after a careful analysis of the factors enumerated in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), the Court determined that defendant's motion fell far

1

shorting of establishing a "fair and just reason" to permit withdrawal of defendant's guilty pleas. Fed. R. Crim. P. 11(d)(2)(B). Accordingly, defendant's motion must be denied.

I.

On April 24, 2019, defendant was arrested on a warrant based on a criminal complaint charging him with conspiracy to distribute one kilogram or more of heroin. On May 20, 2019, the government sent draft plea documents to Mr. Richman[1] so that the parties could explore the possibility of a guilty plea. *See* Opp'n. at 2, Exh. 1. Defense counsel reviewed the plea agreement with defendant and defendant requested changes to the draft plea agreement. *See* Opp'n at 2, Exh. 2. After changes were made to the plea agreement, a plea hearing was set for June 21, 2019. The day before the change of plea hearing, defendant decided not to plead guilty and the change of plea hearing was cancelled.

Thereafter, on June 27, 2019, defendant was charged in a six-count indictment with: (i) conspiracy to distribute one kilogram or more of heroin resulting in death (Count 1) ; (ii) possession of a firearm in furtherance of a drug trafficking crime (Count 2); (iii) distribution of fentanyl resulting in death (Count 3); (iv) distribution of fentanyl (Counts 4 and 5); and (v) possession with intent to distribute fentanyl. Defendant was arraigned and entered a plea of not guilty. A jury trial was scheduled for September 3, 2019. The Office of the Federal Public Defender assigned a second attorney – Lula Hagos – to the case in order to assist defendant and Mr. Richman in preparing for the anticipated trial.

After the grand jury returned the indictment, defendant requested that Mr. Richman reach out to the government to see whether a plea agreement was still a possibility. The government again sent

---

[1] Mr. Richman and his co-counsel from the Office of the Federal Public Defender – Lula Hagos – were permitted to withdraw as counsel after defendant indicated that he wished to withdraw his guilty pleas on the basis that it was neither knowing nor voluntary. It was necessary to permit withdrawal of Mr. Richman and Ms. Hagos as defense counsel because it appeared likely that their testimony would be necessary to determine defendant's motion – as Mr. Richman did.

2

defendant a draft plea agreement. Thereafter, defendant again had doubts about pleading guilty and Mr. Richman communicated defendant's refusal to plead guilty to the government. On August 8, 2019, the government suggested, and defendant agreed to, a "reverse proffer" whereby the government would present its evidence directly to defendant so that defendant and his counsel might have a clear basis for deciding whether defendant should enter a plea. Opp'n at 3. That same day government counsel, police detectives, and defense counsel met with defendant so that the government could provide defendant with a summary of the government's evidence against defendant. Later that day, defendant advised defense counsel that he wished to plead guilty and a change of plea hearing was then set for August 9, 2019.

On August 9, 2019, defendant appeared, with counsel, pursuant to his stated intention to plead guilty. In order to avoid the mandatory minimum sentences applicable to the charges in the indictment, defendant intended to plead guilty to a criminal information. Therefore, on August 9, 2019, a two-count information was filed against defendant, charging him with: (i) conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin; and (ii) distribution of heroin. Defendant appeared with his counsel for the Colloquy.[2] During the Colloquy, defendant was placed under oath and defendant stated that he understood that, if he answered any of the Court's questions falsely, he could be prosecuted for perjury or for making a false statement.

At the Colloquy, the Court first questioned defendant about his stated intent to waive his right to proceed via indictment. After determining that defendant was competent and capable of waiving his right to proceed via indictment, the Court found that defendant's waiver of that right was knowing and voluntary. The defendant and counsel then proceeded to execute the waiver of indictment in open court.

---

[2] A transcript of the Colloquy is in the record at Docket Entry 46.

3

In the course of the Colloquy, the Court informed defendant of all of the possible punishments that might result from his pleading guilty to the criminal information. Additionally, the Court thoroughly reviewed the provisions of the plea agreement and the facts set forth in the Statement of Facts ("SOF") with defendant. The Court asked whether defendant understood those documents. Defendant confirmed that he had read them, understood them, and had reviewed the plea documents with Mr. Richman. *See* Tr. at 13:3-13, at 14:1-5, at 14:9-13. The Court also asked whether defendant was satisfied with the advice and counsel provided by Mr. Richman. Defendant testified that he was satisfied. *See id.* at 7:12-14, at 13:14-22. The Court inquired whether defendant was pleading guilty freely, willingly, and voluntarily and because defendant is, in fact, guilty. Defendant responded that he was and stated that no one had coerced him into pleading guilty. *See id.* at 24:25-25:7. Finally, the Court inquired whether defendant was guilty of the offenses charged in Counts 1 and 2. Defendant responded that he was and described his conduct in his own words. *See id.* at 31:25-33:19, at 34:6-22. Next, the government explained what it would prove with respect to Counts 1 and 2 should the matter go to trial. Defendant confirmed that the government's recitation of facts was true correct in all respects. *See* Tr. at 35:1-36:25.

The Court then asked whether defendant wished to plead guilty or not guilty to Counts 1 and 2. Defendant responded that he pled guilty to both counts. *See* Tr. at 37:1-8; *id.* at 37:17-22. Following defendant's admission of guilt, the Court found, on the basis of the Colloquy, that defendant was fully competent and capable of entering an informed plea, that his plea of guilty was knowing and voluntary, and that it was supported by an independent basis and facts containing each of the elements of the offenses charged. Accordingly, the Court accepted defendant's pleas of guilty for Counts 1 and 2 and adjudged him guilty of those counts. Next, the Court scheduled a sentencing hearing for November 8, 2019 at 2:00 p.m.

Significantly, on September 11, 2019, defendant submitted a written statement to the United States Probation Office for use in the preparation of the presentence investigation report (the "PSR").

In the statement, included in paragraph 49 of the PSR, defendant acknowledges that he conspired with others to distribute heroin and asserts that the SOF is true and accurate. *See* PSR ¶ 49 (Dkt. 36),

On October 24, 2019, the Office of the Federal Public Defender moved to withdraw as counsel. In their motion, defense counsel stated that defendant had advised counsel that he wished to withdraw his pleas of guilty on the grounds that they were not knowing and not voluntary. That same day the Court permitted the Office of the Federal Public Defender to withdraw and appointed new counsel.

On November 5, 2019, defendant, by his new counsel, filed a motion to withdraw his guilty pleas to Counts 1 and 2 of the criminal information. In his memorandum in support of his motion, defendant identified two grounds for permitting withdrawal of his pleas of guilty: (i) the pleas were unknowing and involuntary; and (ii) he is legally innocent of Count 2. Defendant further argued that there was no unreasonable delay in filing the motion and that the government would not be prejudiced by the withdrawal of his guilty plea.

On November 22, 2019, the Court held an evidentiary hearing and heard testimony from defendant and Mr. Richman.

## II.

As the Fourth Circuit has held, "[a] defendant has no absolute right to withdraw a guilty plea." *United States v. Bowman*, 348 F.3d 408, 413 (4th Cir. 2003). Rather, once the district court has accepted a guilty plea, it is within the district court's discretion to determine whether to permit the defendant to withdraw his plea. *See* Fed. Crim. P. 11(d)(2)(B). The defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. *Id.* The Fourth Circuit has held that "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *Bowman*, 348 F.3d at 414. Essentially, a "fair and just reason" is one that "challenges . . . the fairness of the Rule 11 proceeding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). A properly conducted

Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn and "raise[s] a strong presumption that the plea is final and binding." *Bowman*, 348 F.3d at 414.

To assist district courts in determining whether to allow a defendant to withdraw his guilty plea, the Fourth Circuit has established a six-factor test:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The Fourth Circuit has held that, "[a]lthough all of the *Moore* factors should be considered, the first, second, and fourth are the most important factors in making the determination of whether to allow withdrawal of the plea." *United States v. Andaya*, 606 F. App'x 722, 723 (4th Cir. 2015) (per curiam).

Defendant argues that he should be permitted to withdraw his guilty plea because his plea was not knowing or voluntary and because he is legally innocent of Count I. Defendant's testimony in this regard was not credible. The Colloquy conducted with defendant was thorough, fair, and informed defendant of the consequences of his guilty pleas, the possible punishments to which he could be subjected, and the rights he was waiving by pleading guilty. Moreover, an analysis of all six *Moore* factors compels the conclusion that defendant has failed to demonstrate a "fair and just reason" for the withdrawal of his guilty pleas. Accordingly, defendant's motion must be denied.

### A.

Defendant argues that his guilty pleas were not knowing and voluntary, because they were "not the by-product of his independent thought process," that he did not have time to read his plea agreement or SOF, and that he was pressured by his attorneys to sign both. Mem. at 3. Defendant's

argument in this regard is belied by his testimony at the November 22, 2019 hearing and the testimony of Mr. Richman.

To begin with, during the Colloquy, defendant testified, under oath, that he had read the plea agreement and the SOF and that he understood both documents.[3] Defendant further testified that he had reviewed the plea agreement and the SOF with his counsel and that he was fully with the advice and counsel provided by Mr. Richman. Additionally, the Court provided the plea documents to defendant to review, while those documents were discussed. *See* Tr. 12:23-25 ("I'm going to have the court security officer hand you your plea agreement and Statement of Facts so that you may review them.").

Defendant essentially argues that his responses to the Court during the Colloquy were deliberately untruthful and that he committed perjury. The Fourth Circuit has sensibly held that, absent extraordinary circumstances, allegations that "directly contradict the [defendant's] statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).[4] Thus, the Court is entitled to rely on defendant's sworn statements during the Colloquy.

Moreover, testimony at the November 22, 2019 evidentiary hearing confirmed that defendant had read the draft plea documents. Specifically, defendant testified that he reviewed the draft plea documents a "few times." Additionally, Mr. Richman testified that, on at least two occasions, he went through the plea documents line-by-line with defendant. Mr. Richman also testified that he discussed the terms of the plea documents with defendant in layman's terms so that they would be

---

[3] In the plea agreement and the SOF themselves, defendant also attests that the documents are true and accurate and signed after consultation with his counsel. *See* SOF at 3; Plea Agreement at 11.

[4] *See also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of veracity."); *Bowman*, 348 F.3d at 417 ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process.").

7

easier to understand. Mr. Richman further testified that he also reviewed specific provisions of the plea documents with defendant when defendant had questions. Additionally, defendant and Mr. Richman both testified that when defendant reviewed the draft plea documents, he suggested changes to them, and those changes were then incorporated into later drafts of the documents. Accordingly, defendant's testimony that his pleas were not knowing is not credible.[5]

Nor is defendant credible in claiming that his pleas of guilty were involuntary because he was pressured by counsel. First, defendant fails to identify any pressure exerted by counsel. At the evidentiary hearing, defendant complained that his lawyers agreed with the government that defendant did not have a good case and that he was likely to lose at trial. Courts have recognized that "defense counsel's blunt rendering of an honest but negative assessment of appellant's chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea." *United States v. Gil-Guerrero*, 759 F. App'x 12, 17 (2d Cir. 2018). Second, defendant twice changed his mind regarding whether to plead guilty and thus he knew that he would not be forced to enter a guilty plea. Additionally, the government conducted a reverse proffer after Mr. Richman communicated defendant's unwillingness to plead guilty. Defendant testified that he ultimately pled guilty because the charges in the indictment carried a greater mandatory minimum sentence and he wanted to limit the amount of mandatory imprisonment time that he faced. This testimony reflects a rational decision-making process by defendant. Third, the Colloquy established without any doubt that no one had pressured, coerced, or forced defendant to plead guilty. *See* Tr. at 24:22-25:4.[6] Finally, Mr. Richman credibly testified that he does not

---

[5] *See United States v. Barnhart*, 682 F. App'x 214, 215 (4th Cir. 2017) (finding that first factor weighed against withdrawal where defendant "acknowledged that he had read and understood the plea agreement and confirmed that nobody made any threats or promises to make him plead guilty"); *United States v. Grubb*, 28 F. App'x 223, 226 (4th Cir. 2002) (finding that defendant's assertion that he did not read or understand the plea agreement is belied by his defense counsel's testimony).

[6] The Fourth Circuit has held that where a defendant has sworn in open court that "he was not threatened or coerced into pleading guilty, that he understood and agreed with the plea agreement,

8

advise clients to plead guilty, if they are innocent, and that he did not pressure defendant to plead guilty. *See United States v. Moore*, 681 F. App'x 241, 246 (4th Cir. 2017) (district court entitled to rely on defense counsel's credible testimony that he had not pressured defendant to plead guilty). Accordingly, defendant's testimony that his pleas of guilty were involuntary is not credible.

In sum, defendant's guilty pleas, as the Colloquy clearly reflects, were both knowing and voluntary. Defendant identifies no contrary persuasive evidence.

## B.

The second *Moore* factor, namely whether defendant credibly asserted his innocence, also weighs against withdrawal. To begin with, defendant does not argue that he is factually or legally innocent of distributing heroin as charged in Count 2. Rather, defendant limits his argument to one that he is *legally* innocent of conspiracy to distribute heroin as charged in Count 1.[7] Defendant argues that he is legally innocent of the conspiracy charged in Count 1, because he merely engaged in a buyer/seller relationship and did not have an agreement with any other individuals. Defendant is mistaken. The plea agreement, SOF, and the government's statements at the Colloquy all establish that defendant's conduct went well beyond a simple buyer/seller relationship and that defendant knowingly engaged in a conspiracy to distribute one kilogram or more of a detectable amount of heroin.

A defendant's burden is not to provide conclusive proof of innocence, but to "present evidence that (1) inspires belief and (2) tends to either defeat the elements of the government's prima facie case or make out a successful affirmative defense." *United States v. Howard*, 549 F. App'x 164, 168 (4th Cir. 2013). To prove a conspiracy under 28 U.S.C. § 846, the government must prove:

---

and that he agreed with the factual basis for the pela. These statements are presumed to be true." *United States v. Brooks*, 757 F. App'x 282, 283 (4th Cir. 2019); *Beck v. Angelone*, 261 F.3d 377, 395-96 (4th Cir. 2001) (absent "clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing); *cf. See United States v. Wintons*, 468 F. App'x 231, 233 (4th Cir. 2012) (finding plea was not involuntary).

[7] Defendant does not assert that he is factually innocent of Count 1.

9

"(1) an agreement between two or more persons to engage in conduct that violates federal drug laws, (2) defendant's knowledge of the conspiracy, and (3) defendant's knowing and voluntary participation in the conspiracy." *United States v. Green*, 599 F.3d 360, 367 (4th Cir. 2010).

First, during the Colloquy, defendant testified that he was guilty of Count 1. Defendant testified that (i) he was pleading guilty because he was in fact guilty, Tr. at 25:1-4; (ii) he engaged in a conspiracy with others to distribute heroin, Tr. at 31:23-32:1, and explained in his own words how he did so, Tr. 32:2-33:17;[8] and (iii) he agreed with the government's recitation of facts as to what would be proved if the case went to trial, Tr. at 35:2-36:23.

The Fourth Circuit has recognized that where a defendant admits guilt during a Rule 11 colloquy, the second *Moore* factor weighs against the defendant. *See United States v. Bost*, 238 F.3d 415, at *2 (4th Cir. 2000) (unpublished) (defendant's assertions of innocence were not credible given his admissions regarding role in conspiracy at Rule 11 colloquy); *United States v. Hernandez*, 141 F.3d 1160 (Table), 1998 WL 209034, at *3 (4th Cir.1998) (unpublished disposition) ("[Defendant] makes no credible assertion of innocence but rather admitted three times during the plea hearing that he was guilty of participating in a [continuing criminal enterprise].").[9] Defendant's credible admissions during the Colloquy and in the SOF undermine his new protestations of innocence with respect to Count 1.

Defendant argues, citing to *United States v. Mills*, 995 F. 2d 480 (4th Cir. 1993), that a buyer/seller relationship is insufficient to support a finding of guilty on a conspiracy charge. *See* Mem. at 3-4. Defendant focuses on the relationship between defendant and his suppliers. Count 1,

---

[8] Defendant testified: "I had heroin and I sold it with a group of two or three people to sell to individuals around the Northern Virginia area." Tr. at 32:6-8.

[9] The Fourth Circuit has also suggested that, where a defendant fails to raise a concern regarding his innocence at a Rule 11 hearing, he may have waived his opportunity to raise it later. *See United States v. Wilson*, 81 F.3d 1300, 1309 (4th Cir.1996) (stating that "defendant's failure to raise his concern [regarding his innocence at the Rule 11 hearing] might fairly be considered a waiver of the opportunity to raise it later").

however, alleges a conspiracy between defendant and his couriers and the facts regarding that relationship establish more than a mere buyer-seller arrangement. In the SOF and his testimony during the Colloquy, defendant agreed that between 2016 and September 2018: (i) that he had an agreement with two or three other individuals to distribute heroin; (ii) that he would coordinate with his coconspirators using cellular telephones and messaging applications; (iii) that he directed his coconspirators to his customers and that his coconspirators would deliver the drugs and return the proceeds to him; (iv) that he directed his coconspirators to engage in multiple drug transactions, including transactions with confidential informants; (v) that the quantity of drugs involved was at least one kilogram of a mixture containing heroin; and (vi) that he engaged in all of this conduct knowingly and deliberately. These facts satisfy the elements of 21 U.S.C. § 846. *See Green*, 599 F.3d at 367. Indeed, the Fourth Circuit has uniformly upheld convictions under similar circumstances on appeal.[10]

In short, defendant's admission of guilt in combination with his admission of certain facts – both at the Colloquy and in his SOF – demonstrate more than a buyer-seller relationship. These admissions are sufficient to establish defendant's legal guilt with respect to Count 1. Defendant does not assert that he is innocent with respect to Count 2. Accordingly, the second *Moore* factor weighs against permitting defendant to withdraw his guilty plea.

---

[10] *United States v. Garrett*, 493 F. App'x 409, 411 (4th Cir. 2012) (finding sufficient evidence to support conspiracy conviction where "Garrett made repeated multi-kilogram cocaine purchases from Zellars, that Zellars fronted cocaine to Garrett on a regular basis, and that Zellars and Garrett had established a verbal code and ongoing notifications regarding cocaine sales"); *United States v. Cannon*, 740 F. App'x 785, 791 (4th Cir. 2018) (repeated phone calls and repeated purchases of seller quantities demonstrated more than a mere buyer-seller relationship); *United States v. Allen*, 344 F. App'x 844, 845 (4th Cir. 2009) (evidence of continued relationships and repeated drug transactions are indicative of a conspiracy); *United States v. Jones*, 131 F.3d 137, at *1 (4th Cir. 1997) (unpublished) (evidence of continuing relationships and repeated transactions can support a finding that there was a conspiracy); *see also United States v. Rhodes*, 736 F. App'x 375, 378 (4th Cir. 2018) (similar).

## C.

The third *Moore* factor, namely the delay between the plea and the withdrawal motion, is not an obstacle to withdrawal. *See Bowman*, 348 F.3d 415-16 (holding that a three-month delay was "not too long" and favored defendant). Additionally, a portion of that delay is attributable to the need for counsel from the Office of the Federal Public Defender to withdraw and for new counsel to be appointed and become informed regarding the case. This factor is at best neutral because, while it does not weigh against withdrawal, it is not one of the "most important factors in making the determination of whether to allow withdrawal of the plea." *Andaya*, 606 F. App'x at 723.

## D.

Defendant also had the close assistance of competent and experienced counsel from the Office of the Federal Public Defender. Importantly, defendant does not dispute this fourth *Moore* factor. To prevail on this factor, defendant must demonstrate "(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir. 1989). At the Colloquy, defendant testified that he was satisfied with the advice and counsel that he received from defense counsel. *See* Tr. at 7:11-13; *id.* at 13:12-20. Given defendant's sworn testimony regarding counsel's performance and his failure to provide any evidence of ineffectiveness, defendant had the close assistance of competent counsel and the fourth *Moore* factor weighs against permitting defendant to withdraw his plea. *See United States v. Battiste*, 746 F. App'x 202, 204 (4th Cir. 2018) (affirming denial of motion to withdraw plea where defendant "swore under oath that he was satisfied with counsel's representation").

## E.

Withdrawal of a guilty plea "almost invariably prejudices the government to some extent and wastes judicial resources," so "the fifth and sixth factors can weigh in the defendant's favor so long as

she shows that the magnitudes of the prejudice and inconvenience are small; the defendant need not show that the effects will be nonexistent." *United States v. Sparks*, 67 F.3d 1145, 1154 n.5 (4th Cir. 1995). Here, the government states that, following defendant's guilty plea, the government has not had contact with many of its prospective witnesses and that, because most of those witnesses do not have stable addresses, the government would have difficultly locating those witnesses if they were needed for trial. While the government and the Court may face some significant inconveniences should defendant be permitted to withdraw his plea, the fifth and sixth factors are rarely significant and would not bar withdrawal here.

\* \* \*

In summary, defendant fails to establish a "fair and just reason" to permit withdrawal of his guilty pleas to Counts 1 and 2 of the criminal information. Fed. R. Crim. P. 11(d). Defendant does not dispute that the Colloquy was extensive, thorough, and fair – the most important consideration in determining whether defendant should be permitted to withdraw his plea. *See Lambey*, 974 F.2d at 1394. Moreover, the most important *Moore* factors – namely whether the plea was knowing and voluntary, whether defendant raises a credible claim of innocence, and whether defendant had the close assistance of competent counsel – all weigh against permitting defendant to withdraw his guilty plea. That the third, fifth, and sixth factors do not present an obstacle to withdrawal does not compel a different conclusion in light of the strength of the first, second, and fourth factors. *See Bowman*, 348 F.3d at 416. Accordingly, defendant's motion to withdraw his guilty pleas must be denied.

### III.

For the reasons set forth above, and for the reasons stated from the bench at the November 22, 2019 hearing, defendant's motion to withdraw his guilty pleas is denied.

The Clerk of Court is directed to send a copy of this Order to all counsel of record and to Lula Hagos and Todd Richman of the Office of the Federal Public Defender.

Alexandria, VA
November 26, 2019

/s/
T. S. Ellis, III
United States District Judge